UNITED STATES of America, Appellee,

v.

Ronald Keith TORGERSEN, Appellant.

No. 82–1649.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 17, 1982.

Decided Oct. 20, 1982.

James M. Rosenbaum, U. S. Atty. by Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Meshbesher, Singer & Spence, Ltd., Ronald I. Meshbesher, Cheryl Divine, Minneapolis, Minn., for appellant.

Before ROSS, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

James Torgersen was tried upon stipulated facts in a court trial and found guilty as charged of having knowingly and intentionally possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

The facts, as found by the magistrate whose findings were adopted by the trial court,[1] are as follows:

Torgersen lived in a duplex in Bloomington, Minnesota. On January 11, 1982, the Bloomington Volunteer Fire Department received an emergency call from the occupants of the residence adjoining Torgersen's, reporting smoke and unusual sounds

---

1. The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota.

coming from Torgersen's residence. The Fire Department sent two trucks to the scene. Fire Captain Craig Gerdes, a full time Bloomington police officer and part time volunteer fireman, was in charge.

Upon arrival, firemen saw steam arising from an outside wall and heard crackling noises which they believed to be electricity arcing between wires. They believed that there was a substantial amount of water running inside the house. (Firemen are trained to respond to hazards caused by water as well as by smoke or fire.)

Some firefighters pounded on the door, but no one answered. One fireman crawled up a ladder to a balcony, hoping to gain entrance through a sliding glass door, but the door was locked. The men on the ground cautioned him not to climb down with the heavy equipment on his back. By this time firefighters had entered the duplex by prying open a door to the basement level. They did not find smoke, although Captain Gerdes did note an unusual odor, and they did find extensive water.

Fireman Kalina entered through the basement door and went immediately upstairs to let the fireman on the balcony inside. Kalina heard water running and attempted to locate its source by investigating the upper level. Having determined that neither the kitchen nor a bathroom immediately off the hall was the source of the sound, he continued down the hall, thinking that the water might be coming from a bathroom off of a bedroom. He pushed open a partially opened bedroom door and determined that the water was not coming from that room. As he was backing out of the room, he noticed a plastic tarp on the floor upon which there were three or four garbage bags. The contents of one bag were strewn about. Kalina recognized the substance as marijuana and called to the others.

Captain Gerdes had just succeeded in shutting off the water in the basement when, within seconds, he heard his name called. Gerdes, knowing that some of his men had been checking the upper level for water and possible smoke or fire problems, went immediately upstairs. He found Kalina in the hall pointing into the bedroom. Gerdes looked into the room and saw the baled materials and, stepping inside, saw additional bales in the closet. The room smelled strongly of the odor he had noticed upon entering the duplex, which he recognized as that of marijuana.

Gerdes directed his men to guard the house and went outside to a police squad car stationed there, directing the officer in the car to radio for police support.

Detective Gauff, a police narcotics investigator, arrived at the scene shortly thereafter. Gerdes showed Gauff to the bedroom and told him how the materials had been found.

The firefighters then left the scene. The police remained, and Detective Gauff left to apply for a search warrant. Upon his return with the warrant, he found approximately 340 pounds of marijuana (including about 40 pounds of "hashish") and 7.2 ounces of cocaine. Torgersen was indicted on two counts. Count I, charging Torgersen with knowingly and intentionally possessing marijuana with intent to distribute, was dismissed by stipulation.

Torgersen argues on appeal that (1) the district court erred in finding that the discovery of the marijuana by the firefighters was inadvertent and that (2) Detective Gauff's initial illegal entry invalidated the search warrant he subsequently obtained. Thus, he argues, the trial court erred in denying his motion to suppress the evidence obtained under the warrant.

We note that the

general rule in this circuit is that a district court's determinations, made in the context of a motion to suppress * * * are to be reviewed under the "clearly erroneous" standard. [Citations omitted.] Under this standard, this court ordinarily will affirm a decision unless there is not substantial evidence to support it, it evolves from an erroneous conception of the applicable law, or, upon considering the entire record, we are left with a definite and firm conviction that a mistake has been made.

*United States v. McGlynn,* 671 F.2d 1140, 1143 (8th Cir. 1982).

Torgersen agrees that the emergency validated the firefighters' warrantless entry. The trial court found that discovery of the marijuana was an inadvertent event in the course of the firefighters' lawful examination of the residence. The court found that Fireman Kalina was properly present in the bedroom when he saw the marijuana and that the search conducted by the firefighters was reasonably confined to the specific purposes for which they were present.

The trial court found that the warrantless entry and investigation by Detective Gauff was for the express purpose of confirming Captain Gerdes' statements and held the search unconstitutional under the fourteenth amendment. However, the court further held that Detective Gauff's improper actions did not invalidate the search warrant since the facts stated in the affidavit on which the warrant was based were not the fruit of the unlawful search.

The affidavit exclusively cited the observations of the firemen as those observations were related to Gauff. The affidavit did not include any information gained by Gauff's entry and examination.

This court has said

that when a search warrant is based partially on tainted evidence and partially on evidence arising from independent sources, "[i]f the lawfully obtained information amounts to probable cause and would have justified issuance of the warrant apart from the tainted information, the evidence seized pursuant to the warrant is admitted."

*United States v. Williams,* 633 F.2d 742, 745 (8th Cir. 1980) (citations omitted). We hold, in the present case, that "[t]he trial court need not suppress evidence gained through an independent source, notwithstanding any prior illegality." *United States v. Beck,* 662 F.2d 527, 530 (8th Cir. 1981).

We accordingly affirm on the basis of the trial court's well-reasoned opinion.

* See also, 9th Cir., 692 F.2d 94.